## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into among the United States of America, acting through the United States Attorney's Office and on behalf of the Department of Education (collectively the "United States"), and Shaw University, (hereafter collectively referred to as "the Parties"), through their authorized representatives.

## RECITALS

A. Defendant Shaw University receives Title III Grants and other funds from the Department of Education and has agreed to comply with requirements for seeking and receiving these Government funds.

B. On January 6, 2016, Relator Cicely Becker filed a *qui tam* action in the United States District Court for the Eastern District of North Carolina, captioned *United States ex rel. Cicely Becker v. Shaw University, Freddy Novelo, d/b/a Novelo's Construction Company and Comet Construction Company*, Case No. 5:16-cv-4-BO, pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the "Civil Action"). The Relator alleges in her complaint that Shaw University and other Defendants violated the False Claims Act by failing to comply with competitive bid and other requirements for funds paid out from Title III Grants from the Department of Education, including specifically that Shaw University and Freddy Novelo fabricated bids to evade the competitive bid requirements for Title III funds. The United States partially intervened in the Civil Action on June 21, 2018, for purposes of settlement.

C. The United States contends that it has certain civil claims against Shaw University arising from $107,000 paid to Comet Construction and Freddy Novelo, on or


GOVERNMENT EXHIBIT A

about November 8, 2012, from Title III Department of Education funds, with grant codes 12 31 91N 860 780 (Purchase Order 27811), for renovations at the George Debnam, Fleming Kee and Dimple Newsome buildings. That conduct is referred to below as the "Covered Conduct."

    D.    This Settlement Agreement is neither an admission of liability by Shaw University nor a concession by the United States that its claims are not well founded.

    E.    Relator claims entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of this Settlement Agreement and to Relator's reasonable expenses, attorneys' fees and costs related to the Covered Conduct.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

## TERMS AND CONDITIONS

1.    Shaw University shall pay to the United States Three Hundred Thousand ($300,000) ("Settlement Amount"), with simple interest at 5%, by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Eastern District of North Carolina. Shaw University shall pay the Government the sum of $60,000 within 30 days of the Effective Date of this Agreement. Shaw University shall pay the Settlement Amount balance and interest in four annual payments, $60,000 plus simple interest at 5% of the outstanding balance each year, on the first, second, third and fourth anniversaries of the Effective Date of this Agreement. Shaw University shall also execute a Promissory Note and Deeds of Trust adequate to secure $240,000 in favor of the United States on real property with a fair market value in

2

excess of $240,000 (for the amount paid over time in this Settlement Agreement), with Deeds of Trust prepared by the United States and recorded by Shaw University. The United States will release the Deeds of Trust on these real properties upon payment (from any source) as set forth above, and will take no collection action against these properties unless default occurs. Shaw may pay the liability under the Settlement Agreement without prepayment penalty.

2. Subject to the exceptions in Paragraph 3 (concerning excluded claims) below, and conditioned upon Shaw University's full payment of the Settlement Amount, the United States releases Shaw University from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; or the common law theories of breach of contract, payment by mistake, unjust enrichment, and fraud.

3. Notwithstanding the releases given in Paragraph 2 of this Agreement, or any other term of this Agreement, the following claims of the United States are specifically reserved and are not released:

    a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

    b. Any criminal liability;

    c. Except as explicitly stated in this Agreement, any administrative liability, including the suspension and debarment rights of any federal agency;

3

d. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

e. Any liability based upon obligations created by this Agreement;

f. Any liability of individuals;

g. Any liability for express or implied warranty claims or other claims for defective or deficient products or services, including quality of goods and services;

h. Any liability for failure to deliver goods or services due; or

i. Any liability for personal injury or property damage or for other consequential damages arising from the Covered Conduct;

4. Shaw University waives and shall not assert any defenses Shaw University may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action.

5. Shaw University fully and finally releases the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Shaw University has asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct and the United States' investigation and prosecution thereof.

4

6. In the event that Shaw University fails to make the payment as required, Shaw University agrees not to plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any civil or administrative claims that (a) are filed by the United States within 90 calendar days of written notification to Shaw University that this Agreement has been rescinded, and (b) relate to the Covered Conduct, except to the extent these defenses were available on January 6, 2016.

7. Shaw University's obligations under this Agreement may not be avoided pursuant to 11 U.S.C. § 547, the settlement obligation is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2), and Shaw University shall not argue or otherwise take the position in any such case, proceeding, or action that: (i) Shaw University's obligations under this Agreement may be avoided under 11 U.S.C. § 547; (ii) Shaw University was insolvent at the time this Agreement was entered into, or became insolvent as a result of the payment made to the United States; or (iii) the mutual promises, covenants, and obligations set forth in this Agreement do not constitute a contemporaneous exchange for new value given to Shaw University.

8. a. Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of Shaw University, and its present or former officers, directors, employees, shareholders, and agents in connection with:

    (1) the matters covered by this Agreement;

    (2) the United States' audit(s) and civil and criminal investigation(s) of the matters covered by this Agreement;

5

(3)  Shaw University's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil and any criminal investigation(s) in connection with the matters covered by this Agreement (including attorney's fees);

(4)  the negotiation and performance of this Agreement;

(5)  the payment Shaw University makes to the United States pursuant to this Agreement and any payments that Shaw University may make to Relator, including costs and attorneys fees,

are unallowable costs for government contracting purposes (hereinafter referred to as Unallowable Costs).

b.  Future Treatment of Unallowable Costs: Unallowable Costs will be separately determined and accounted for by Shaw University, and Shaw University shall not charge such Unallowable Costs directly or indirectly to any contract with the United States.

c.  Treatment of Unallowable Costs Previously Submitted for Payment: Within 90 days of the Effective Date of this Agreement, Shaw University shall identify and repay by adjustment to future claims for payment or otherwise any Unallowable Costs included in payments previously sought by Shaw University or any of its subsidiaries or affiliates from the United States. Shaw University agrees that the United States, at a minimum, shall be entitled to recoup from Shaw University any overpayment plus applicable interest and penalties as a result of the inclusion of such

6

Unallowable Costs on previously-submitted requests for payment. The United States, including the Department of Justice and/or the affected agencies, reserves its rights to audit, examine, or re-examine Shaw University's books and records and to disagree with any calculations submitted by Shaw University or any of its subsidiaries or affiliates regarding any Unallowable Costs included in payments previously sought by Shaw University, or the effect of any such Unallowable Costs on the amount of such payments.

9. Shaw University agrees to cooperate fully and truthfully with the United States' investigation of individuals and entities not released in this Agreement. Upon reasonable notice, Shaw University shall encourage, and agrees not to impair, the cooperation of its directors, officers, and employees, and shall use its best efforts to make available, and encourage, the cooperation of former directors, officers, and employees for interviews and testimony, consistent with the rights and privileges of such individuals. Shaw University further agrees to furnish to the United States, upon request, complete and unredacted copies of all non-privileged documents, reports, memoranda of interviews, and records in its possession, custody, or control concerning any investigation of the Covered Conduct that it has undertaken, or that has been performed by another on its behalf.

10. This Agreement is intended to be for the benefit of the Parties United States, Shaw University, and Cicely Becker only.

11. Upon receipt of the payment described in Paragraph 1, above, the Parties shall promptly sign and file in the Civil Action a Joint Stipulation of Partial Dismissal of the Civil Action pursuant to Rule 41(a)(1), subject to the terms of the settlement,

7

dismissing with prejudice as to the Covered Conduct released in the Settlement Agreement, and without prejudice as to other claims..

12. Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement, except as to Relator's attorney's fees sought against Shaw University.

13. Each Party and signatory to this Agreement represents that it freely and voluntarily enters in to this Agreement without any degree of duress or compulsion.

14. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Eastern District of North Carolina. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

15. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

16. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

17. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

18. This Agreement is binding on Shaw University's successors, transferees, heirs, and assigns.

19. All Parties consent to the disclosure of this Agreement, and information about this Agreement, to the public.

20. This Agreement is effective on the date of signature of the last signatory to the Agreement ("Effective Date") of this Agreement. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

THE UNITED STATES OF AMERICA

DATED: _____ BY: ROBERT J. HIGDON, JR.
United States Attorney

                            NEAL I. FOWLER
                            Assistant United States Attorney
                            310 New Bern Avenue
                            Federal Building, Suite 800
                            Raleigh, NC 27601-1461
                            Telephone: (919) 856-4049

DEFENDANT SHAW UNIVERSITY

DATED: 8/17/2018 BY: _____
                            Dr. Paulette Dillard
                            President, Shaw University

DATED: _____ BY: _____
                            DANIEL T. BLUE, III
                            Counsel for Shaw University

19. All Parties consent to the disclosure of this Agreement, and information about this Agreement, to the public.

20. This Agreement is effective on the date of signature of the last signatory to the Agreement ("Effective Date") of this Agreement. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

THE UNITED STATES OF AMERICA

DATED: _____ BY: ROBERT J. HIGDON, JR.
United States Attorney

_____
NEAL I. FOWLER
Assistant United States Attorney
310 New Bern Avenue
Federal Building, Suite 800
Raleigh, NC 27601-1461
Telephone: (919) 856-4049

DEFENDANT SHAW UNIVERSITY

DATED: _____ BY: _____
Dr. Paulette Dillard
President, Shaw University

DATED: 8/17/18 BY: _____
DANIEL T. BLUE, III
Counsel for Shaw University