IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-4-BO

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ) <br> CICELY BECKER, ) <br> ) <br> Plaintiff/Relator, ) <br> v. ) <br> ) <br> SHAW UNIVERSITY, FREDDY NOVELO) <br> d/b/a NOVELO'S CONSTRUCTION ) <br> COMPANY, and COMET ) <br> CONSTRUCTION COMPANY, ) <br> ) <br> Defendants. ) | O R D E R |

This cause comes before the Court on relator's petition for attorney fees and costs against defendants Shaw University and Freddy Novelo. Defendants have responded in opposition to the motion, relator has replied and submitted a supplemental declaration in support of his reply, and the matter is ripe for ruling. For the reasons that follow, relator's motion for attorney fees is ALLOWED IN PART as modified herein. Relator is further ordered to SHOW CAUSE why her remaining claims should not be dismissed.

BACKGROUND

Relator filed this *qui tam* action under seal on January 6, 2016. [DE 1]. The complaint alleges that defendant Shaw University caused false claims regarding fraudulent or improper bids for various construction projects to be submitted. The bids were submitted by defendants Novelo and Comet Construction (Novelo defendants) and were paid, at least in part, by Department of Education Title III grant funds despite the fact that the bids did not comply with

Title III's requirements. The complaint specifically alleges false claims related to 2012 dormitory renovations, 2013 dormitory bathroom renovations, 2012 Leonard Hall renovations, and 2012 Spaulding Gym renovations. The complaint alleges violations of the False Claims Act, 31 U.S.C. §§ 3729(a)(1)(A)-(C)&(G) as well as claims for fraud and fraud in the inducement and violations of the North Carolina False Claims Act. N.C. Gen. Stat. § 1-605-, *et seq*.

After being served with the complaint and receiving several extensions of time within which to determine whether to intervene, the United States elected to intervene in part and declined to intervene in part on June 21, 2018. [DE 34]. The United States settled the claim as to which it intervened with defendants, and by order entered November 6, 2018, the Court approved the settlement without relator's opposition and unsealed the case. [DE 42]. The settlement concerned "false claims for payment of certain Department of Education Title III Grant Funds, specifically $107,000 paid to Freddy Novelo and Comet Construction around November 8, 2012, for renovations at George Debnum, Fleming Kee and Dimple Dewsom buildings ... based upon fabricated bids to evade the competitive bid requirements as set forth in the Complaint at paragraphs 60-71." [DE 37]. The settlement was without prejudice to relator's decision to pursue the remaining claims against defendants. Following the approval of the settlement, a consent order for entry of judgment was entered against the Novelo defendants on November 28, 2018. [DE 44 & 46].

On motion by relator, the Court extended the time for relator to file an amended complaint following the government's election to partially intervene and settle that claim. [DE 40]. Although the time had been extended to October 15, 2018, relator filed her amended complaint on November 30, 2018. [DE 48]. Relator further sought issuance of summons for the Novelo defendants and Shaw University on that date, and summons were issued on December 3,

2018. [DE 47 & 49]. On March 15, 2019, the clerk issued a notice to relator regarding failure to make service on defendants. [DE 54]. To date, relator has failed to respond to this notice. Defendant Shaw University notes in its response to the motion for attorney fees that it has not been served with the amended complaint. [DE 61].

## DISCUSSION

A false claims relator, in addition to recovering a share of the proceeds or settlement of a *qui tam* action, "shall also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs. . . . [and] [a]ll such expenses, fees, and costs shall be awarded against the defendant." 31 U.S.C. § 3730(d)(1).

To calculate an award of attorneys fees, the court "must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). Factors to consider in determining the reasonableness of the hours and rate include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (quoting *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)); *see also Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008).

After calculating the lodestar figure, a court subtracts fees for hours spent on unsuccessful claims, and then awards some percentage of the remaining amount dependent upon

3

the degree of the movant's success. *Grisson*, 549 F.3d at 321 (quoting *Johnson v. City of Aiken*, 278 F.3d 333, 337 (4th Cir. 2002)); *U.S. ex rel. Harrison v. Westinghouse Savannah River Co.*, 352 F.3d 908, 924 (4th Cir. 2003). A court may in its discretion "attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Hensley*, 461 U.S. at 436–37. The most important factor to a court's consideration is the degree of success obtained. *Id.* at 436.

A.  Timeliness of petition.

Defendants Novelo, Novelo's Construction, and Comet Construction Company oppose any award of attorney fees as against them due to the untimeliness of the request. Following the United States' settlement as to the claims for which it intervened, a consent order for entry of judgment against the Novelo defendants was entered after a finding that there was no just reason for delay. *See* Fed. R. Civ. P. 54(b). Judgement as to the Novelo defendants was entered on November 28, 2018. A motion for attorney fees must be filed not later than fourteen days from the entry of judgment. *Id.* at 54(d)(2)(B)(i). As the instant motion for attorney fees was filed on March 9, 2019, it is well-out of time as to the Novelo defendants. Relator has not offered any basis upon which to excuse her untimeliness, and her motion is accordingly denied as to the Novelo defendants. *See U.S. ex rel. Pervez v. N. Shore-Long Island Jewish Health Sys., Inc.*, No. 06 CIV. 1114 DLC, 2011 WL 2683197, at *2 (S.D.N.Y. July 11, 2011).

B.  Reasonableness of fee.

Relator submits that an hourly rate of $375 is reasonable and is the proper basis upon which to calculate the lodestar amount, proffering affidavits of two attorneys in support of her claim. *See McAfee v. Boczar*, 738 F.3d 81, 91 (4th Cir. 2013), *as amended* (Jan. 23, 2014). The Court finds this rate to be inflated and unsupported by this market, and that a reduction in the

rate is appropriate. Substituting an hourly rate of $300 for 176 hours of work results in a lodestar amount of $52,800. The Court finds this represents a reasonable lodestar amount. In so finding the Court has considered counsel's five year representation of relator, awards in similar cases, the amount involved in this case, and, most importantly, the limited results obtained.

Further reduction in the fee is also appropriate given the hours worked on unsuccessful claims and the degree of relator's success. The complaint alleges misuse of federal funds related to two multi-year Title III grants which totaled roughly $15 million. The United States intervened as to claims related to $107,000 of Title III funds, and settled those claims for $316,900, approximately triple the amount of the claim. An attorney fee representing roughly 50% of the amount of the claim which was settled, before trebling, is unreasonable. Accordingly, the Court further reduces the attorney fee award by $10,000, and awards $42,800 to relator in attorney fees. The Court finds the costs requested to be reasonable and awards relator $482.54 in costs.

C.  Show cause.

As discussed above, relator has failed to respond to the clerk's notice regarding lack of service of the amended complaint. *See* Fed. R. Civ. P. 4(m). Accordingly, relator is ORDERED to SHOW CAUSE why her remaining claims should not be dismissed for failure to effect service within the time allowed.

## CONCLUSION

Relator's motion for attorney fees [DE 53] is ALLOWED IN PART. Attorney fees in the amount of $42,800 and costs in the amount of $482.54 are awarded to relator against defendant Shaw University. Relator's request for attorney fees from the Novelo defendants is DENIED.

5

Relator is further ORDERED to SHOW CAUSE not later than July 1, 2019, why her remaining claims should not be dismissed for failure to effect proper service.

SO ORDERED, this 13 day of June, 2019.

_____
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE