IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-4-BO

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ) <br> CICELY BECKER, ) <br> ) <br> Plaintiff/Relator, ) <br> v. ) <br> ) <br> SHAW UNIVERSITY, FREDDY NOVELO ) <br> d/b/a NOVELO'S CONSTRUCTION ) <br> COMPANY, and COMET ) <br> CONSTRUCTION COMPANY, ) <br> ) <br> Defendants. ) | O R D E R |

This cause comes before the Court on relator's response to this Court's order to show cause why this action should not be dismissed for failure to effect proper service within the time provided by Rule 4(m) of the Federal Rules of Civil Procedure. Relator was ordered to show cause not later than July 1, 2019. [DE 68].

## DISCUSSION

The Court dispenses with a full recitation of the factual background of this matter and it incorporates by reference as if fully set forth herein the background recited in its order entered June 14, 2019. [DE 68].

Relator responded to the to the show cause order on July 2, 2019, by stating that she has served the summons and first amended complaint upon defendant Shaw University via Federal Express on June 29, 2019, with delivery expected July 2, 2019. She further states that the defendants have already participated substantially in this action and have had actual notice of the

United States' claims for over a year, and therefore would not be prejudiced by extending the time in which relator may effect service. [DE 69].

Rule 4(m) of the Federal Rules of Civil Procedure provides that

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Good cause for failing to effect service within the time allowed generally exists where a plaintiff has made "reasonable, diligent efforts to effect service on the defendant." *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp.2d 524, 528 (D. Md. 1999) (internal quotation and citation omitted). "Inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service have generally been waived as insufficient to show good cause." *Vincent v. Reynolds Mem'l Hosp., Inc.*, 141 F.R.D. 436, 437 (N.D.W. Va. 1992).

Relator was granted leave to file her amended complaint through October 15, 2018, but failed to file her amended complaint until November 30, 2018. [DE 40; 48]. Summons were issued on December 3, 2018, and no proof of service on any defendant has been filed to date. On March 15, 2019, the Clerk of Court notified relator that service appeared not to have been effected within the time allowed and that failure to respond to the notice would result in dismissal of the defendants. [DE 54]. In her response to the show cause order, relator's counsel states that once service has been completed on defendant Shaw University he will file an affidavit of service, but no affidavit reflecting that service has been completed has been filed as of the date of filing of this order. Judgement pursuant to Fed. R. Civ. P. 54(b) was entered against Freddy Novelo as to the intervened claims pursuant to his settlement agreement with the United States. [DE 44]. However, Novelo doing business as Novelo's Construction Company and Comet Construction Company is named as a defendant in the amended complaint and

2

summons were issued for Novelo, but the docket does not reflect service having been effected or attempted as to Novelo.

This record does not reflect any reasonable or diligent effort to effect service. Relator filed her amended complaint beyond the time allowed, failed to request an extension of time to file her amended complaint, and failed to respond to a notice from the Clerk regarding service which instructed her that to do so *would* result in dismissal of the defendants. Indeed, although relator recognized that her earlier attempt to serve the defendants via the Court's electronic filing system was deficient, she took no corrective action until ordered to do so and has only attempted to serve one defendant.

As for relator's remaining argument, that a defendant has notice of an action does not necessarily excuse the failure to effect proper service. "When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). The notice defendants received of this action was due to the limited participation of the United States, not any unsuccessful attempts at service by relator, and thus there is more than a mere technical violation of Rule 4 present. *See Beasley v. Bojangles' Restaurants, Inc.*, No. 1:17CV255, 2018 WL 4518693, at *3 (M.D.N.C. Sept. 20, 2018). Relator has further failed to comply with the Court's orders setting filing deadlines and failed to respond to the Clerk's notice. *See id*. Relator has failed to follow the plain requirements for effecting service and has failed to offer any justification which the Court could construe as good cause.

Accordingly, dismissal of the defendants named in the amended complaint without prejudice is required.

3

## CONCLUSION

Relator having failed to demonstrate good cause for failing to effect proper service within the time allowed, the amended complaint is hereby DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 4(m). The United States is NOTIFIED of this dismissal pursuant to its notice of election to intervene in part [DE 34] and may respond within ten days of the date of entry of this order if it objects to the dismissal. The clerk is DIRECTED to provide a copy of this order to the United States and to close the case.

SO ORDERED, this 23 day of July, 2019.

_Terrence Boyle_
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE